793 F.2d 1292
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LARRY LEACH, Plaintiff-Appellant,
v.
SGT. CANASTA, JAMES KEESEE, AND RANDALL G. GADDIS,
Defendants-Appellees
 85-5156
 United States Court of Appeals, Sixth Circuit.
 5/6/86
 
 REVERSED AND REMANDED
 E.D.Ky.
 ORDER
 BEFORE: ENGEL, KENNEDY and MILBURN, Circuit Judges.
 
 
 1
 This matter is before the Court upon consideration of plaintiff's appeal from the district court's judgment dismissing his complaint filed under 42 U.S.C. Sec. 1983. The complaint was construed by the district court as a petition for habeas corpus relief under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the record and the parties' briefs, the panel unanimously agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff, a Kentucky state prisoner, was disciplined for violating prison regulations at Northpoint Training Center. He filed a section 1983 complaint against defendants alleging that defendants violated his procedural due process rights by failing to provide a written statement adequately documenting their findings and reasons for imposing punishment. The district court construed plaintiff's complaint as a habeas corpus petition filed under 28 U.S.C. Sec. 2254. Hence, the complaint was dismissed for lack of jurisdiction because plaintiff had not exhausted state court remedies. Plaintiff timely appealed.
 
 
 3
 Upon consideration, this Court finds that the district court erred in dismissing plaintiff's complaint. Plaintiff sought injunctive relief and also damages. Although the injunctive relief requested could result in the return of good time, the complaint was directed toward 1983 relief.
 
 
 4
 When construed as a section 1983 action, plaintiff's complaint states a cause of action. As we held in King v. Wells, 760 F.2d 89 (6th Cir. 1985):
 
 
 5
 When a prison disciplinary hearing may result in forfeiture of good-time credits, the prisoner is entitled to a 'written statement by the fact-finders as to the evidence relied on and reasons for the disciplinary action.' Wolff v. McDonnell, 418 U.S. 539, 564, 94 S. Ct. 2963, 2979, 41 L.Ed.2d 935 (1974) (quoting Morrissey v. Brewer, 408 U.S. 471, 489, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972)).
 
 
 6
 It is therefore ORDERED that the judgment of the district court is reversed and the action is remanded to the district court for consideration of plaintiff's 1983 claim under the standards set forth in King.